1  SEYFARTH SHAW LLP
   F. Scott Page (SBN 108515)
2  E-mail: *spage@seyfarth.com*
   Jamie C. Chanin (SBN 244659)
3  E-mail: *jchanin@seyfarth.com*
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone: (310) 277-7200
5  Facsimile: (310) 201-5219

6  Attorneys for Defendant
   TACO BELL CORP.
7
   McNICHOLAS & McNICHOLAS, LLP
8  Patrick McNicholas (SBN 125868)
   E-mail: *pm@mcnicholaslaw.com*
9  Philip Shakhnis (SBN 199461)
   E-mail: *ps@mcnicholaslaw.com*
10 10866 Wilshire Blvd., Suite 1400
   Los Angeles, California 90024
11 Telephone: (310) 474-1582
   Facsimile: (310) 475-7871
12
   Attorneys for Plaintiff
13 MICHAEL FLYNN

14           UNITED STATES DISTRICT COURT

15         FOR THE CENTRAL DISTRICT OF CALIFORNIA

16

17 | MICHAEL FLYNN,                    ) Case No.: CV-13-5346 RGK (PJWx)
18 |         Plaintiff,                ) ***DISCOVERY MATTER***
19 |     v.                            ) [*Magistrate Judge Patrick J. Walsh*]
20 | TACO BELL CORPORATION and         ) STIPULATION AND [~~PROPOSED~~]
   | DOES 1 through 100, inclusive,    ) PROTECTIVE ORDER RE:
21 |                                   ) CONFIDENTIAL INFORMATION
   |         Defendants.               )
22 |                                   ) Note Changes on p.4-5
23 |                                   ) Complaint filed:   June 17, 2013
24

25     This Stipulation regarding Confidential Information ("Stipulation") is

26 entered into by TACO BELL CORP. ("Defendant") and its legal counsel and

27 MICHAEL FLYNN ("Plaintiff") and his legal counsel (collectively "the Parties").

28 In consideration for the producing party's agreement to produce certain documents

                                          1
   STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION
   16139038v.1

during the course of discovery in United States District Court for the Central District of California, Case No.CV-13-5346 RGK (PJWx) ("the Lawsuit"), the Parties hereby agree that certain documents and other information disclosed shall be protected as follows:

1. **Confidential Documents.** Confidential treatment shall be afforded to all documents reflecting the financial status, the business structure and the reorganization of Taco Bell International and/or any of its affiliates, as well as any other documents or records that potentially constitute or contain trade secret, commercially sensitive, proprietary and/or other confidential confirmation, or implicate individuals' right to privacy. These documents shall be stamped "Confidential" prior to production (hereafter "Confidential Documents"). Information regarding these same topics shall be deemed confidential as well.

2. **Restricted Disclosure of Confidential Documents.** Confidential Documents obtained by Plaintiff during the course of discovery shall be used by Plaintiff solely for the prosecution of claims in the Lawsuit. Absent written agreement by Defendant, Confidential Documents may not be shown, or their contents disclosed, to any person other than the following:

   (a) legal counsel of Plaintiff, and the necessary paralegal, secretarial and clerical personnel employed by legal counsel, including court reporters;

   (b) the Court in the Lawsuit, including any courtroom personnel, judge, referee, settlement judge, and paneled or selected jury at trial, only after compliance with Paragraph 6(g) of this Order;

   (c) Plaintiff and employees of Defendant, provided that in advance of such disclosure, counsel for Plaintiff shall inform such individuals of the terms of the Stipulation and deliver to such individuals a copy of the Stipulation and a Consent to Be Bound form, attached hereto as Exhibit "A," which shall be read and signed, and a copy of which shall be retained by Plaintiff's counsel. However,

a deponent at a deposition in this litigation may be shown or given access to Confidential Documents during the deposition without acknowledging this Protective Order in writing, provided that Counsel who asserts the information is confidential advises the deponent that: (1) the Confidential Documents are subject to a Protective Order issued by the Court; (2) the Protective Order prohibits disclosure of such information, and the deponent shall not disclose the Confidential Documents or information contained therein to anyone outside the deposition; and (3) the deponent must return any copies of Confidential Documents after the deposition to the attorney who provided the material;

    (d)    mediators retained in the action;

    (e)    expert witnesses retained in the action; and

    (f)    persons who counsel believes to be percipient witnesses provided that in advance of such disclosure, Plaintiff's counsel shall inform such persons of the terms of the Stipulation and deliver to such persons a copy of the Stipulation with a Consent to Be Bound form, attached hereto, which shall be read and signed by each such person, and retained by Plaintiff's counsel.

    3.    **Challenge to "Confidential" Designation.** Plaintiff may, at any time, serve an objection to the designation of any documents as "Confidential." The objection submitted shall set forth completely the basis for challenging the "Confidential" designation. Within 10 calendar days of service of such an objection, the Parties shall meet and confer in an attempt to resolve the dispute arising from the objection. If after such meeting the dispute remains unresolved, Plaintiff may file a motion with the Court for an order that the documents in question should not be treated as "Confidential." Any "Confidential" documents identified in any such motion shall be lodged with the Court so as to ensure that they are not made public or otherwise made publicly available. Defendant shall have the right to oppose such a motion, and the Court will then decide the issue.

Pending a final resolution of any objection to any designation, the documents and/or information shall be treated as "Confidential."

4. **Confidential Information and Documents at Depositions.** Whenever counsel for a Party deems that any question or line of questioning calls for the disclosure of information that should be treated as confidential, or when Confidential Documents are used during or in connection with a deposition, counsel may: (i) state on the record that such information and/or documents are being designated as "Confidential"; or (ii) give written notice to all other counsel that such information and/or documents are being designated as "Confidential" within twenty-one (21) days after receiving a copy of the deposition transcript. Only those portions of the transcript of the deposition designated "Confidential" shall be so treated, except that all copies of deposition transcripts that contain designated Confidential Documents and/or information shall be prominently marked "Confidential," and when filed with the Court, in whole or in part, shall be filed under seal. For convenience, if a deposition transcript contains repeated references to confidential information that cannot be conveniently segregated from non-confidential information, any party may request that the entire transcript be designated "Confidential." To avoid any inadvertent disclosure of confidential information, all deposition transcripts and exhibits shall be treated as Confidential for twenty-one days after copies of the transcript are available.

5. **Filing of Confidential Documents.** This Stipulation does not ~~necessarily require~~ *authorize* the filing of Confidential Documents ~~to be~~ under seal. *See, L.R. 79-5.* However, at least 10 calendar days before filing any document marked "Confidential" with the Court, Plaintiff's counsel must provide written notice of intent to file such Confidential Documents to counsel for Defendant via email, facsimile and letter. Within 5 calendar days of this notice, the Parties shall meet and confer in an attempt to resolve any dispute related to the filing. If after such meeting a dispute remains, *a party may* ~~Plaintiff must either file the Confidential Documents~~

4

*This Order does not authorize Counsel to file documents under seal. L.R. 79-5 controls the filing of documents under seal. PJW*

~~under seal, or~~ file a motion with the Court for an order that the Confidential Documents in question ~~need not~~ be filed under seal. ~~Defendant~~ *Either party* shall have the right to oppose such a motion, and the Court will then decide the issue. ~~If Plaintiff files such a motion, the Confidential Documents that are the subject of the motion must be filed under seal, and the hearing shall be in camera.~~

6. **Confidential Documents and Information at Trial.** The extent and manner in which any Confidential Documents and/or confidential information may be used at trial shall be decided by the Court at the final pretrial conference after all Parties have had an opportunity to be heard. Nothing herein shall be construed to effect in any manner the admissibility as evidence of any information or document.

7. **Return of Confidential Documents.** All Confidential Documents, and copies of Confidential Documents, shall be returned to Defendant's counsel at the termination of the Lawsuit or destroyed.

8. **Enforcement.** In the event that Plaintiff or his counsel breaches any provision of the Stipulation, Defendant shall have, in addition to and without limiting any other remedy or right it may have at law or in equity, the right to a temporary and permanent injunction restraining any such breach, without any bond or security being required. Defendant shall be entitled to recover its reasonable attorneys' fees and costs in the event it prevails in a proceeding to enforce any of the provisions of the Stipulation. Plaintiff agrees to submit to the jurisdiction of the United States District Court for the Central District of California with respect to any action to enforce this Stipulation.

9. **Miscellaneous.**

   a. <u>Use by Producing Party.</u> This Stipulated Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Documents or confidential information for any purpose.

    b.   <u>Stipulation Effective Immediately.</u> This Stipulation shall be binding upon the Parties upon their signature hereto, and by signing hereto each Party agrees to comply with the terms of this Stipulation and to be bound thereby, even prior to the Court's entry of the proposed Protective Order based upon this Stipulation, and even if the Court does not enter the proposed Protective Order based upon this Stipulation. In the event that the Court does not enter the Proposed Protective Order based upon this Stipulation, the parties shall in good faith negotiate any terms that the Court finds objectionable.

    c.   <u>Counterparts.</u> The Stipulation may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Furthermore, signatures delivered via facsimile or electronic transmission shall have the same force, validity and effect as the originals thereof.

    d.   <u>Entire Agreement.</u> The Stipulation constitutes an integrated contract expressing the final, entire and exclusive agreement between the parties and supersedes any and all prior and contemporaneous agreements, representations, negotiations, communications and understandings of the parties, oral or written, other than any agreements Plaintiff may have signed during his employment with Defendant.

    e.   <u>Severability.</u> If any clause, provision, covenant or condition of the Stipulation is unenforceable, illegal or invalid, the remaining provisions shall nevertheless be carried into effect.

    f.   <u>Successors and Assigns.</u> The Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective shareholders, partners, directors, officers, heirs, successors, representatives and assigns.

    g.   <u>California Law.</u> The Stipulation is made and entered into in the State of California and shall be interpreted, applied and enforced under and pursuant to the laws of the State of California.

1  h. <u>Amendment.</u> This Stipulation may be amended by the Parties by a
2  stipulation signed by counsel for both of the Parties, which shall then be approved
3  by the Court.

4
5  DATED: ~~September ___, 2013~~ March 28, 2014        SEYFARTH SHAW LLP
6
7                                                       By: _____
8                                                            F. Scott Page
                                                             Jamie C. Chanin
9
                                                        Attorneys for Defendant
                                                        TACO BELL CORP.
10
11 DATED: ~~September~~ March 24, ~~2013~~ 2014        McNICHOLAS & McNICHOLAS LLP
12
13                                                      By: _____
14                                                           Patrick McNicholas
                                                             Philip Shakhnis
15
                                                        Attorneys for Plaintiff
16                                                      MICHAEL FLYNN
17
18
19
20  Dated 4/2/14
21
22
23  _____
24
25  PATRICK J. WALSH
26  U.S. MAGISTRATE JUDGE
27
28

7
STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION
16139038v.1

# EXHIBIT A
## CONSENT TO BE BOUND

I, _____, declare:

1. I have read the attached Stipulation and Protective Order in the litigation between plaintiff Michael Flynn and defendant Taco Bell Corp. (the "Order").

2. I am familiar with the contents of the Order and agree to comply with and be bound by the provisions thereof.

3. I will hold in confidence, will not disclose to anyone other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation, and only as expressly permitted by the terms of the Order, any information designated as "Confidential" that I receive or view in this action.

4. I understand that I am to retain all copies of any documents or materials designated "Confidential" in a secure manner, and that all copies are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials are to be returned immediately to counsel who provided me with such material.

5. By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Central District of California, as the sole and exclusive venue for resolving any and all disputes regarding the Order and this Consent to Be Bound.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____ (city, state).

_____
(Signature)